IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2345-WJM

MICHAEL SMITH,

    Plaintiff,

v.

CHEYENNE MOUNTAIN SCHOOL DISTRICT 12,

    Defendant.

## TEMPORARY RESTRAINING ORDER

Plaintiff Michael Smith ("Smith"), proceeding *pro se*, files this lawsuit against Cheyenne Mountain School District 12 ("School District") for the sole purpose of obtaining an injunction under 20 U.S.C. § 1415(j) requiring the School District to continue providing normal educational services to his eleven-year-old autistic son, R.S., while Smith and School District work through a dispute over R.S.'s placement. Currently before the Court is Smith's Verified Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 3.) As to the TRO portion of this motion, the Court finds and concludes as follows.

"A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." *NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279,

at *1 (D. Colo. Sept. 14, 2009).

On this record, the Court finds a substantial likelihood of success on the merits. This case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. Smith alleges that R.S. has an IDEA-mandated individualized education plan ("IEP") which specifies a school within the School District known as "The Vanguard School" as R.S.'s "School of Attendance." (¶ 6.)[1] On May 30, 2019, Smith received an e-mail from the "Executive Director" of The Vanguard School announcing that the school would not hire a paraprofessional to work with R.S. and so R.S.'s enrollment was denied for the 2019–20 school year. (¶ 7.) IDEA requires states to create and administer formal procedures for resolving these sorts of disputes. *See* 20 U.S.C. § 1415. Smith, apparently invoking these procedures, "filed a Due Process Complaint with the Colorado Department of Education" on August 7, 2019. (¶ 10.) Having done so, 20 U.S.C. § 1415(j) comes into play, which requires that "the child shall remain in [his or her] then-current educational placement" "during the pendency of any [administrative] proceedings."

R.S. was supposed to begin sixth grade at The Vanguard School on August 14, 2019. (¶ 14.) "On those days when R.S. has been dropped off at The Vanguard School, R.S. has been confined to an office, separated from his peers, and provided with no educational services. During this time, R.S. has not been allowed into a classroom, has not been allowed to interact with his peers, and has not even been afforded a lunch or recess break." (¶ 15.)

The dispute, apparently, is whether The Vanguard School's announcement in the

---

[1] All "¶" citations, without more, are to the Complaint (ECF No. 1).

May 2019 e-mail denying R.S.'s enrollment means that R.S. has no "then-current educational placement" under § 1415(j), and so The Vanguard School has no obligation under that statute; or, on the other hand, whether The Vanguard School's designation as R.S.'s "School of Attendance" in his IEP takes precedence until the IEP is amended. On this highly abbreviated record, the Court finds that Smith is likely to prevail on his argument that the IEP continues to control. Thus, per § 1415(j), The Vanguard School must continue to educate R.S. according to his IEP while the Due Process Complaint works its way through the Colorado Department of Education procedures.

Turning to irreparable harm, the Court disagrees with Smith's argument that irreparable harm should be presumed. (*See* ECF No. 3 at 6–7.) "Courts may presume irreparable harm only when a party is seeking an injunction under a statute that *mandates* injunctive relief as a remedy for a violation of the statute." *First Western Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1140 (10th Cir. 2017) (emphasis in original). Section 1415(j) does not mandate injunctive relief as a remedy for violation. However, the Court finds that Smith's allegations of R.S.'s treatment at The Vanguard School—*i.e.*, being isolated for the entire school day, with no educational services—could create lasting emotional trauma, with effects on R.S. himself and on Smith. Accordingly, irreparable harm has been satisfied on this abbreviated record.

The Court additionally finds that the irreparable harm to R.S. and Smith outweighs any harm to the School District, at least in the near-term contemplated by a TRO, given that The Vanguard School has been educating R.S. for many years before this dispute. (*See* ¶ 9.)

Finally, a TRO would not be adverse to the public interest. To the contrary, it is

in the public interest to ensure that IDEA's policies are carried out.

To obtain a temporary restraining order before the party to be restrained has an opportunity to appear and respond, a plaintiff must present

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney['s] certifi[cation] in writing [regarding] any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). As for requirement "A," Smith provides a verified complaint on which the Court has relied to discern the facts meriting a TRO. The Court further finds that Smith has made a sufficient showing that a TRO should issue without notice, so that R.S. may return to the general student population as swiftly as possible. As for requirement "B," Smith himself provides the required certificate, explaining that immediate action is needed due to R.S.'s current treatment at The Vanguard School (ECF No. 3 at 11–12.)

Smith has also complied with D.C.COLO.LCivR 65.1, describing his efforts to communicate with the School District's counsel. (*Id.* at 10.)

Rule 65(c) states that this Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Although phrased as mandatory, in practice the Court has discretion under this Rule whether to require a bond, particularly in public interest cases involving the rights of vulnerable individuals. *See* 11A Charles Alan Wright et al., *Federal Practice & Procedure* § 2954 n.29 (3d ed., Apr. 2017 update)

4

(citing public rights cases where the bond was excused or significantly reduced). The Court finds that waiving the bond is appropriate in this case.

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. That portion of Smith's Verified Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) which seeks a temporary restraining order is GRANTED;

2. That portion of Smith's Verified Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) which seeks a preliminary injunction remains under advisement;

3. Cheyenne Mountain School District 12, as well as its officers, directors, agents, employees, successors and assigns, and all other persons in active concert or participation with them, are hereby **ORDERED AND RESTRAINED** from refusing to provide services to R.S. at The Vanguard School in accordance with R.S.'s IEP while Smith's Due Process Complaint (Colorado Office of Administrative Courts docket number 2019:133) is being adjudicated;

4. This Temporary Restraining Order shall remain in effect until **11:59 p.m. on September 3, 2019**, unless extended by the Court for good cause;

5. Smith shall send or deliver a copy of this Order to counsel for the School District by any means (including multiple means, if appropriate) reasonably calculated to reach counsel for the School District promptly, and Smith must then promptly file a certificate of service explaining how he sent or delivered this order and whether he has reason to believe that it was received and reviewed by counsel for the School District;

6. The School District shall respond to that portion of Smith's Verified Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) which seeks a preliminary injunction on or before **three business days** after formal service of process or electing to waive such service;

7. After receiving the School District's response, the Court will evaluate the need for a reply brief and/or an evidentiary hearing on Smith's request for a preliminary injunction.

Dated this 20th day of August, 2019, at 10:40 a.m. Mountain Daylight Time.

BY THE COURT:

_____
William J. Martinez
United States District Judge